IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF BUTLER, PA and<br>CITY OF BUTLER ZONING AUTHORITY,<br>      Plaintiffs,<br><br>v.<br><br>JOHN J. NEALEN,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-1108<br>)<br>)<br>)<br>) |

AMENDED MEMORANDUM ORDER

      Defendant John J. Nealen ("Nealen") filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (Doc. No. 1). For the reasons set forth below, the court will deny Nealen's motion.

      This court has denied past motions by Nealen to proceed *in forma pauperis* on at least six prior occasions. See Civil Actions 05-775, 05-165J, 02-222J, 02-625, 02-1310, and 01-2078. As required under Section 1915(a)(1), Nealen executed a sworn affidavit detailing his assets and debts on August 21, 2006.[1]

---

      1. Previously, in Civil Action 05-775, this court noted that Nealen's affidavit in that
(continued...)

In his affidavit, Nealen states that he has $25.00 in cash and is self-employed. He states that he has no set salary, but his net earnings come from the sale of cattle that he owns and from farm products. He lists no bank accounts and declares that he received $750.00 in income in July of 2006. He notes that he bartered cattle to harvest his hay crop in August of 2006. He does not disclose his income for April, May, or June of 2006. Nealen lists several assets including: a house worth $60,000.00, an 80-acre farm valued at $32,000.00, twenty-one head of cattle valued at $600.00 each for a total value of $12,600.00, two bulls valued at $1,000.00 each for a total value of $2,000.00, one steer valued at $600.00, fifteen calves valued at $200.00 each for a total value of $3,000.00, farm equipment valued at $8,000.00, a 1988 Ford [Crown Victoria] valued at $1,000.00, 1974 and 1977 Ford [trucks] valued at $1,000.00, office equipment and a computer valued at $1,500.00, and personal property valued at $2,000.00. Nealen declares that he has no dependents. He lists various debts, including $40,000.00 owed on his home, a $30,000.00 lien on his farm, and more than $13,500.00 encumbered by lawsuits regarding his father's estate. Nealen lists $10,000.00 taxes, $5,500.00 fines, $5,000.00 sewer, and repairs of about $20,000.00

---

1. (...continued)
    case appeared to be a photocopy of the affidavit he executed on February 28, 2005, in connection with his request for *in forma pauperis* status for Civil Action No. 05-165J. The court noted that Nealen appeared to have crossed out the February 28, 2005 date and substituted the date June 3, 2005, and resigned his name. No changes in his assets or liabilities during that three-month period were noted.

due to the need for a new roof, furnace, doors, windows, and various plumbing repairs in connection with his properties.  Nealen does not list the total monthly payments on his mortgages or other expenses.

Upon a review of the affidavit, and prior affidavits filed with this court by Nealen seeking to proceed *in forma pauperis*, this court is troubled by the discrepancies in Nealen's filings.  In Civil Action Nos.  05-775 and 05-165J, the court, based upon the averments made in Nealen's motion to proceed *in forma pauperis* in those cases, denied the motion to proceed *in forma pauperis*.  In addition, the court notes that Nealen has significant assets.  For these reasons and the reasons set forth in previous orders including the order dated July 12, 2005, filed in Civil Action. No. 05-775 and the order dated July 6, 2005, filed in Civil Action No. 05-165J, the court finds that the payment of $ 350.00 to commence this action would not impose an undue hardship.

The court notes, in addition, that the motion to proceed *in forma pauperis* is filed with respect to a notice of removal by which Nealen appears to be seeking to remove a criminal case to this district.  See Notice of Removal and Pretrial Motion to Dismiss attached to the Notice of Removal (Doc. Nos. 1-2, 1-3).  The caption of the case plaintiff appears to be seeking to remove indicates that it is a summary appeal pending in The Commonwealth Court of Pennsylvania, Harrisburg, regarding a criminal case pending in the Court of Common Pleas of Butler County,

Criminal Division (emphasis added).  The state court action appears to have been assigned Criminal SA No. 2005-1116-WDA and the related appeal appears to have been assigned Case No. 2032-CD-2005.

The federal removal statutes authorize removal of criminal prosecutions only under very limited circumstances.  Plaintiff does not appear to be invoking this court's jurisdiction pursuant to 28 U.S.C. § 1442 (authorizing removal to federal court of a civil action or criminal prosecution commenced in state court against persons acting in the course of the employment by or on behalf of the United States).  Plaintiff appears instead to be invoking this court's jurisdiction pursuant to 28 U.S.C. § 1443 (authorizing the removal of certain civil actions or criminal prosecutions involving laws providing for equal civil rights of citizens of the United States) because Nealen indicates on his civil cover sheet that this is a civil rights case whose origin is removal from state court.  The removal authorized by 28 U.S.C. § 1443, however, is not available for prosecutions based upon statutes or constitutional provisions phrased in terms of general rights applicable to all citizens, but rather is only available for statutes or constitutional provisions couched in the specific language of racial equality.  See 14C WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3728.  In addition to demonstrating that the rights claimed by the defendant seeking removal arise under a law that falls within the scope of 28 U.S.C. § 1443, a defendant must show by specific allegations that he has been denied or cannot enforce in the state court

the right created by the civil rights law under which he seeks protection. See id. Plaintiff has failed to do so. This court finds that remand of this case is appropriate.

AND NOW, this 6th day of September, 2006, it is **ORDERED** that John J. Nealen's motion to proceed *in forma pauperis* (Doc. No. 1) is **DENIED**. It is **FURTHER ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Court of Common Pleas of Butler County, Pennsylvania, **FORTHWITH**. This ruling is without prejudice to Nealen's right to seek to remove this action if he pays the required filing fee and he avers proper grounds for removal.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:     John J. Nealen
        239 West Fulton St.
        Butler, PA 16001